## MORRISON, GIVHAN, ET AL. v. MARVIN.

1. A surety, after paying the amount of the execution issued against the princi-
pal and other sureties, as well as himself, is not entitled to have the execution
kept alone for his own benefit, either against the principal or co-sureties.

WRIT of error to the Circuit Court of Lowndes.

A motion was submitted on behalf of Morrison and five other
defendants, against whom, together with Marvin, an execution
had issued at the suit of Whipple & Howard, for a rule upon the
sheriff, to show cause why he should not produce the execution
issued on this case, and make his return on the same, according
as the facts were.

Notice of the motion having been given to all the parties, the
sheriff appeared in court and produced the execution; Marvin ap-
peared by counsel, and resisted the motion. The following facts
were then proved to the satisfaction of the court. The debt on
which the execution was founded, was a note made by Morrison
as principal, and George Givhan as surety, on this judgment was
obtained against both, in the circuit court; the other parties be-
came connected with this judgment by signing a writ of error
bond at the request of Givhan, by means of which, the judgment
was superseded, and after affirmance in the supreme court against
all the parties, execution was issued and placed in the sheriff's
hands for collection. Ebenezer Marvin then paid the sheriff an
account of George C. Marvin, the amount of the execution, with
all costs, and requested the sheriff not to return it satisfied, but to
leave it open for the benefit of the said George C. Marvin, for
whose account it was paid. An alias execution was afterwards
issued, and levied on lands belonging to Philip and Jacob Givhan,
two of the other defendants; George Givhan promised to indem-
nify Marvin against all loss from the cause, at the time when the
request was made for him to sign the writ of error bond.

On this state of facts, the court ordered that the execution
should be returned satisfied as to all the parties except Morrison
and George Givhan, but as to them, that it should be left open for
the benefit of Marvin; also, that execution might issue against

them for his benefit. The defendants excepted to this action of the court, and it is now assigned, that the judgment entered to that effect, is erroneous.

R. SAFFOLD, for the plaintiff in error—cited Foster v. Athenaeum, 3 Ala. Reports, 302; 1 Story's Eq. 477, and cases there cited.

No counsel appeared for Marvin.

GOLDTHWAITE, J.—It appears from the investigation of facts upon the motion for the rule against the sheriff in this case, that one of the sureties on the writ of error bond, and against whom the judgment was affirmed, had paid to the sheriff the amount of the judgment and costs, upon an execution issued on the affirmed judgment. This was in law, a complete satisfaction of the judgment, and the sheriff ought to have returned the execution satisfied. The surety is not entitled to keep the execution open for his indemnity upon paying the money. [1 Story's Eq. 477; Foster v. The Athenaeum, 3 Ala. Rep. 392, and cases there cited.

The judgment of the circuit court on this motion must be reversed, and the cause remanded for such proceedings as may be in accordance with law.