## SANDERS & McLAUGHLIN v. WATSON, ET AL.

1. A surety who discharges a judgment rendered against him and his principal, is a simple contract creditor of the principal, and unless aided by

the act of 5th February, 1846, cannot go into chancery to subject to the satisfaction of his demand, real estate, which he alledges the principal fraudulently conveyed, notwithstanding the principal debtor has removed to another State.

Writ of Errror to the Chancery Court of Perry. Before the Hon. D. G. Ligon.

THE plaintiffs in error file their bill, alledging they be-came securities for Richard P. Watson, as deputy post master at Marion, in the county of Perry, and that suit was institut-ed against him as principal, and against the complainants as securities, for a default in the condition of the bond, and a recovery was had against all, and they have paid over two hundred dollars on the judgment. That Watson conveyed all his property, real and personal, under his control, to his relations, and has removed from the State, and now resides in Mississippi. That he secretly carried off his slaves from the State. That amongst other property fraudulently convey-ed, was a lot in the town of Marion, to Susan Anthony, now Susan Nott, and Joseph Watson, and which conveyance is fraudulent. The bill prays that the deed of conveyance be set aside, and the lot subjected to the payment of the debt.

The answer contains a demurrer to the bill, and on the final hearing the bill was dismissed.

DAVIS, for plaintiff in error.

DARGAN, J.—The only question we need examine is, has a court of chancery jurisdiction under the circumstances declared by the bill. The judgment recovered by the Unit-ed States, was joint, against all, and the payment extinguish-ed it, the complainants are therefore simple contract creditors. See 1 Dev. & Bat. 366; Foster v. The Athenæum, 3 Ala. R. 302; 6 Ala. Rep. 797. Being simple contract creditors, their debt is purely legal, and they have no lien on the property sought to be subjected to its payment. The ground on which it is attempted to sustain the jurisdiction of the court is, that Richard P. Watson is a non-resident. In Kentucky, it has

been held, that if a debtor abandon the country, and leave effects in the hands of others, a court of equity will take jurisdiction, and afford relief. See Moore v. Simpson, 5 Litt. 49. But the decision in this case is placed by the court on the statute law of Kentucky, and not upon the general rules regulating the jurisdiction of courts of equity. The rule, in the absence of statute law, seems to be universal, that if a creditor comes into a court of equity, to reach real property, fraudulently conveyed—he must show a judgment at law. See 1 Paige, 305; 2 John. Ch. 296; 4 Ib. 677; 3 Leigh, 299. And if the property sought to be reached by the bill, be personal, and can be sold under execution, then the party must aver, and show, an execution at law. See 1 Paige, 305; Paine Rep. 525. If the property cannot be sold under execution at law, the creditor before he can resort to equity, must show an execution unsatisfied. 1 Paige, 305.

I have not been able to find any case where the mere absence of the debtor from the country, has been held to give a court of equity jurisdiction, independent of statute provisions, and according to the general rule on the subject, if the matter was cognizable in equity, but the defendant was not within the jurisdiction of the court, no suit could be entertained, or relief afforded. See Mitford's Pl. 30, note, a. To remedy this defect, various statutes have been passed, in the several States of the Union, and also in England; and it is by virtue of these statutes, that courts of equity proceed against absent defendants, who are necessary parties to the bill, even where the subject matter is of a pure equitable nature. And if a court of equity must look to statute aid, to enable it to proceed against an absent defendant, when the subject matter is properly within the jurisdiction of a court of equity, it would follow, that the mere absence of a defendant from the jurisdiction, could not enable a court of equity to take jurisdiction of a matter of pure legal cognizance, as the collection of a simple contract debt.

The bill in this case was filed before the passage of the act of 5th February, 1846, nor is it in conformity with the provisions of that act—it cannot therefore be aided by it.

Deriving no aid from that act, it cannot be sustained, and was properly dismissed.

The decree of the chancellor is affirmed.