The Governor v. Jackson.

---

THE GOVERNOR, &c., v. JACKSON, Adm'r, &c.

1. A recognizance taken by a sheriff from a defendant, whom he has arrested, under a *capias*, on a charge of felony, is void.

Error to the Circuit Court of Lawrence. Before the Hon. Thomas A. Walker.

THIS was a proceeding by *scire facias*, by plaintiff, against defendant in error, as administrator of one Gregory. An indictment was found against Lemuel Leonard, in the circuit court of Lawrence, for an assault, with intent to murder. A *capias* issued, under which Leonard was arrested, and entered into a recognizance, with Gregory, and another, as his sureties, before the sheriff of Lawrence county, for his appearance to answer the charge. Leonard failing to appear, as required by his recognizance, a judgment *nisi* was rendered against him, and his securities, upon which *sci. fa.* issued, and was executed on Gregory. The cause was continued for several terms, and at the spring term, 1848, the state's counsel suggested the death of Gregory since the last continuance, and asked for a *sci. fa.* against his personal representative, which was awarded. On its return, the administrator appeared by attorney, and moved to dismiss the *scire facias*, and the court granted the motion. This is the error now assigned.

ATTORNEY GENERAL, for the State.
ELMORE & YANCEY, contra.

CHILTON, J.—It is perfectly clear, that the sheriff had no power, by the laws of this state, to take the recognizance, proceedings upon which are attempted to be revived against the defendant in error. The principal was arrested upon a *capias*, for an offence punishable by imprisonment in the penitentiary. In such case, the law requires the sheriff "to convey the offender to the common jail, and there keep him in safe custody, until discharged by due course of law." Clay's Dig. 461, § 5. The recognizance being palpably void, there was no injury sustained by the refusal of the court to permit the revival of the proceedings against the administrator of the bail.

Let the judgment be affirmed.