## McKENZIE AND WIFE *vs.* BENTLEY AND WIFE.

[BILL IN EQUITY FOR ATTACHMENT AGAINST NON-RESIDENT DEBTORS.]

1. *Original equitable attachment on legal demand.*—Independent of statutory provisions, an equitable attachment does not lie on a purely legal demand, against a non-resident who has property and effects within this State, more than sufficient to satisfy the demand, which may be reached and subjected by attachment at law.

2. *Equitable attachment under Code.*—Under the provisions of the Code, (§§ 2956, 2963,) before an equitable attachment can be issued on a legal demand, an order for its issue must be first made; and if the writ is issued without such previous order, the proceedings cannot be sustained under the statute, although the allegations of the bill might be sufficient to authorize the order.

McKenzie and Wife v. Bentley and Wife.

APPEAL from the Chancery Court at Wetumpka.
Heard before the Hon. A. J. WALKER.

THIS bill was filed by John McKenzie and wife, the appellants, alleging that, on the marriage of Mrs. McKenzie's only daughter, in 1852, with Hiram D. Bentley, she permitted said Bentley and wife to take one of her slaves, on which her husband held a mortgage, under an agreement that said Bentley should clothe and pay taxes on said slave during the year 1853, and return her to Mrs. McKenzie at the end of that year; that Bentley and wife shortly afterwards left the country, secretly, and by night, taking said slave with them, and removed to Forsyth county, Georgia, where they now reside; that said Bentley left property in this State, which is particularly described, and debts due him from certain named persons, who are made defendants to the bill. The prayer of the bill is for an equitable attachment against the estate of said Bentley, and for general relief.

The chancellor dismissed the bill, on motion, for want of equity; and his decree is now assigned as error.

N. S. GRAHAM, for the appellants.—1. Sections 2963 and 2964 of the Code confer on the registrar authority to make all necessary orders for issuing writs of attachment, &c., in the specified cases. It was not necessary that the registrar, before issuing the writ, should have passed an order giving himself authority to issue it. The registrar is but a mere clerk; when judicial power is given to him, or exercised by him, it is as master. Since the statute does not speak of him as master, but merely as a clerk, it could not have contemplated the exercise by him of judicial power. Moreover, the language is, that chancellors, circuit judges, and registrars, may make such orders, &c., "as in like cases from courts of law; and it could not be contended, if the case were at law, that the judge must, before issuing the writ, make a judical order, requiring himself to act clerically.

2. Attachments may issue out of chancery for either "legal or equitable debts or demands," and for money or

effects of the debtor, in the hands of a third person, not liable in their nature to seizure.—Code, §§ 2954–64. The statute is remedial.—Flake & Freeman v. Day & Co., 22 Ala. 132.

ELMORE & YANCEY, contra, contended that the bill was properly dismissed, because, 1st, the attachment was issued without a preliminary order; and, 2dly, because the bill did not seek to subject equitable demands of the defendant, but property and effects which might be reached at law.

RICE, C. J.—The bill seeks the issue of an attachment on a purely legal demand,—a demand for the unliquidated damages, arising either from the conversion of the female slave (Martha Ann), or from the breach of the contract to deliver her to her owners at the end of the year 1853. The demand is against non-resident defendants, who have within this State property or effects more than sufficient to pay the damages claimed, which can be reached by an attachment at law.—Code, §§ 2503, 2504, 2505, 2508, 2516, 2517, 2541–2543, 2129–2131. Independent of statute law, the court of chancery has no jurisdiction of the case, as the same is presented by the bill.—Sanders v. Watson, 14 Ala. 198 ; Little v. Russell, 28 Ala. 160 ; Mitford's Pl. 30, note a.

The statutory provisions supposed to be most favorable to the complainants, are contained in sections 2954, 2956, and 2963 of the Code. Section 2954 authorizes the issue of equitable attachments "on equitable debts and demands" only; and therefore cannot aid the complainants, who do not allege any such debt or demand. Section 2956 declares, that "courts of chancery may also issue writs of attachment on legal demands, founded on any judgment or contract, express or implied, in such cases as attachments may issue from courts of law; which attachments operate only on the effects of the defendant held by an equitable title, or on demands owing by other persons, to which the defendant against whom the attachment issues is in equity entitled, whether due or not." Section 2963

provides, that "chancellors, circuit judges, and registrars of the court in which the bill is filed, *may make all necessary orders* for the issuing of writs of *ne exeat*, and equitable attachments, and for the sale of personal property levied on, as in like cases from courts of law; the money arising from such sale to be paid to the registrar."

Conceding that the case, as presented by the bill, entitled the complainants, under section 2956 of the Code, to an order for the issue of an attachment; and that, under section 2963, the registrar of the court in which the bill was filed had equal authority with a chancellor or circuit judge *to make such order;* yet it is clear, that the making of such order by the registrar, or a chancellor or circuit judge, is a prerequisite to the issue of such attachment, and that such attachment, when issued by the registrar without any such order, is a nullity. Those sections must be construed together, and in such manner, if possible, as to make them harmonious parts of the system of law embodied in the Code. Section 2956 authorizes the issue of attachments on legal demands, as above shown, but does not prescribe all the prerequisites to the issue of them. Section 2963 shows that an order for the issue of such attachments must precede their issue, and is essential to their validity. The power to make such order is *in its nature judicial*, and entirely different from that exercised in the mere issue of such attachment by the registrar as a ministerial officer. If it is not exercised before the issue of such attachment, the attachment bond and the attachment are void; for its exercise is essential to confer upon the registrar the authority to take such bond and issue such attachment.—Code, §§ 2508, 2955, 2958, and other sections above cited; Governor v. Jackson, 15 Ala. 703; Butler v. Foster, 14 Ala. 323; Governor v. Wiley, *ib.* 172.

As the attachment bond in this case was taken by the registrar, and the attachment issued by him, without any order therefor, they are void. And the consequence of their being void, and of the failure of complainants to obtain any such order, is, that the court of chancery had not, and never can have, authority to render any decree *in*

*favor of complainants*, under the present bill; for the proceeding commenced by the bill is not authorized, unless it be by the statutory provisions contained in sections 2956 and 2963 of the Code; and cannot, therefore, be upheld, unless substantially conformable to those provisions. The requisitions of these sections are not complied with, nor satisfied, by the mere filing of a bill, the allegations of which may be sufficient to authorize the registrar, or a chancellor or circuit judge, to order the issue of an attachment. Something further must be done. Such an order must be obtained; and under that order there must be the issue of an attachment which is not void. Where there is no such order, and no such attachment, the proceeding cannot be sustained under those sections.—McGown v. Sprague, 23 Ala. 524.

The view of the case above taken by us renders it unnecessary for us to decide whether the registrar had authority, under section 2963 of the Code, to order the issue of an attachment under the bill of the complainants, or whether the allegations of that bill entitled the complainants, under sections 2956 and 2963 of the Code, to such an order from a chancellor, circuit judge, or the registrar of the court in which the bill was filed; and we therefore do not decide those questions. But, conceding that upon both of them the law is with complainants, still, for the reasons above given, the bill was properly dismissed.

Decree affirmed, at the costs of the appellants.

