## SMITH vs. MOORE.

[BILL IN EQUITY BY SIMPLE-CONTRACT CREDITOR.]

1. *When simple-contract creditor may come into equity.*—A simple-contract creditor, having no judgment or lien, cannot come into equity, to enforce satisfaction of his demand out of equitable assets, on the ground that the debtor resides in another State; nor can his bill be maintained on the equity of the attachment law, unless his demand is equitable, or some special cause for equitable interposition is shown.

2. *Equitable attachments.*—To sustain a bill in equity under the authority of sections 2954-56 of the Code, the statutory bond and affidavit must be given and made, and an attachment must be prayed : it is not sufficient that an injunction is prayed and obtained.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Amos Moore, against William G. Smith and Thomas H. Smith, for the purpose of subjecting to the satisfaction of a promissory note, held by the complainant on said William G. Smith, certain money and property in the hands of Thomas H. Smith, as trustee of William G. Smith. The complainant's demand was evidenced by a promissory note, executed by said William G. Smith on the 4th April, 1852, and payable on or before the 1st November next after date. The money or property in the hands of Thomas H. Smith, which the bill sought to subject to the satisfaction of the complainant's demand, was held by him, as trustee of William G. Smith, under the will of their father, Guy Smith, who died in Georgia, the place of his residence, in 1857; the 4th item of the will being in these words: "Having heretofore given to my son, William G. Smith, negroes and other property, and money, I further give to my son, Thomas H. Smith, in trust for my son, William G. Smith, the further sum of thirty-six hundred dollars ; not subject to any debt or debts he may have contracted, but for his comfort and support; and should he depart this life before receiving the same, leaving no child or children, then,

and in that event, the thirty-six hundred dollars to be equally divided with my other children then in life; and if any should be dead, their share to their child or children." The bill alleged, that William G. Smith resided in California, and that he had no property or estate here which could be reached by process of law. The prayer was for an injunction, account, and general relief; and the bill was sworn to, in the usual form.

A decree *pro confesso*, on publication, was entered against William G. Smith. Thomas H. Smith filed an answer, admitting all the material allegations of the bill; but insisting that, under the will of Guy Smith, the money in his hands was not subject to the satisfaction of complainant's demand; and demurring to the bill on the following grounds: "1st, for want of equity; 2d, because it does not show that William G. Smith has no property in California; 3d, because it shows on its face that the interest of said thirty-six hundred dollars is not subject to the complainant's debt; and, 4th, because the complainant is not a judgment creditor, and has not exhausted his legal remedies."

The chancellor overruled the demurrer, and rendered a decree for the complainant, ordering an account, &c.; and his decree is now assigned as error.

CLOPTON & LIGON, for appellants.

WILLIAMS & GRAHAM, *contra*.

A. J. WALKER, C. J.—The bill is filed by a simple-contract creditor, having no judgment or lien. The law is settled in this State, that the equity of the bill cannot be maintained upon the ground that the debtor resides in another State.—Saunders & McLaughlin v. Watson, 14 Ala. 198; Reese & Heylin v. Bradford, 13 Ala. 837. Nor can the equity of the bill be maintained upon the ground, that the court ought to take jurisdiction in analogy to the proceeding by attachment at law; for that doctrine applies only to cases where the complainant's demand is equitable, or there is some special cause for

equitable interposition.—Kirkman v. Vanlier, 7 Ala. 217; Davenport v. Bartlett & Waring, 9 Ala. 179.

[2.] If the equity of the bill can be maintained at all, it must be upon the authority of sections 2954–56 of the Code. The proceeding is not conformable to those statutes. Neither the affidavit, nor the bond, preliminary to the issue of attachments, was given; nor was an attachment asked or issued. But an injunction was prayed for, and obtained; and it is contended, on the authority of Hartley v. Bloodgood, 16 Ala. 233, that the court may bring the equitable assets under its control, as well by an injunction, as by an attachment. The chancellor followed that decision, while denying its correctness, and gave the complainant relief. The decision was made in reference to the act of 1846, which was repealed by the adoption of the Code. It has never been adopted as a rule controlling the jurisdiction and operation of the courts under the sections of the Code giving authority to proceed by attachment in certain specified cases; but, on the contrary, this court has departed from it, and has adopted the rule, that there must be a substantial conformity with the requisitions of the statute.—Bentley v. McKenzie, 30 Ala. 139; Kirksey v. Fike, 27 Ala. 383. It would be difficult to reconcile the doctrine of Hartley v. Bloodgood with the later decisions under the same statute.—McGown v. Sprague, 23 Ala. 524; Flake v. Day, 22 ib. 132; Bank of St. Marys v. St. John, Powers Co., 25 Ala. 566. To carry the principle of that case out, as contended for by the counsel for the appellee, would not only be inconsistent with more recent decisions, and with other decisions upon the statute of 1846, but it would abrogate so much of the law as prescribes the bond and affidavit.

The decree of the chancellor must be reversed, and a decree must be here rendered, dismissing the bill, without prejudice, at the costs of the appellee.