# Ware *v.* Seasongood, Menderson & Co.

*Bill in Equity by Creditor of Husband for Equitable Attachment, to subject Improvements erected on Wife's Lands.*

1. *Equitable attachment; demand not due.*—Under statutory provisions regulating equitable attachments (Code, §§ 3498–3510), an attachment may be sued out to enforce the collection of a legal demand out of equitable assets before the maturity of the demand.

2. *Improvements erected by husband on wife's land; remedies of creditor against.*—Improvements erected by the husband, with his own moneys, on his wife's land, are regarded as a gift to her, and are subject to the claims of his creditors, as other voluntary conveyances; and the rights of creditors may be asserted under the principles settled in the cases of *Hoot v. Sorrell,* 11 Ala. 386, and *Nance v. Nance,* 84 Ala. 375.

3. *Same; remedies against prior mortgagee*—If the wife's land is subject to a prior mortgage for unpaid purchase-money, the husband's creditor, seeking to enforce his claim against the improvements erected thereon by the husband, can not in any way interfere with the rights of the mortgagee—can neither redeem from him, nor force him to foreclose.

APPEAL from Chancery Court of Montgomery County.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed October 15, 1889, by the appellees, Seasongood, Menderson & Co., against the appellants, and seeks by the issuance of an equitable attachment against certain property specifically described in the bill, to collect a debt due them by Robert Y. Ware, Jr., an insolvent debtor. The averments of the bill, the prayer for relief, and the parties defendant are the same as found in the statement of facts in *Ware v. Hamilton Brown Shoe Co., supra;* with the exception of the additional prayer for an equitable attachment, and that the goods purchased by Ware from complainants were not to be paid for until four months from Oct. 1; 1889. The bill was properly sworn to. Upon its presentation to the Judge of the City Court, an order was made, directing that, upon affidavits being made, and bond being executed, the register should issue an equitable attachment in behalf of the complainants to be levied upon the property described in the bill. No affidavit and bond are set out in the transcript. On the 15th day of October, 1889, the register issued an attachment, as directed by the order of the court, and upon that attachment the sheriff made his return that it had been

[Ware v. Seasongood, Menderson & Co.]

executed by serving a writ on Robert Y. Ware, Jr., and Mary H. Ware.

The defendants respectively moved to dismiss this bill for the want of equity, and also demurred to it upon the following grounds: (1.) That the bill contains no equity. (2.) That the complainants had never tried to redeem the property from Mrs. Wadsworth. (3.) That the allegations showed that Mrs. Wadsworth's indebtedness was past due. (4.) That the bill was filed before the indebtedness of the complainants had matured.

The Chancellor overruled the motion to dismiss the bill, and also the demurrers thereto; and his decree in this behalf is here assigned as error.

TOMPKINS & TROY, and ARRINGTON & GRAHAM, for appellant.—1. The bill, as a bill to set aside fraudulent conveyance, was prematurely filed—the debt not being due.—*Jones v. Massey*, 79 Ala. 370. 2. The bill can not be sustained as a bill for an equitable attachment, for all the facts necessary to give chancery jurisdiction under the statute are not shown by the bill.—*Saunders v. Cavett*, 38 Ala. 51; *Smith v. Moore*, 35 Ala. 76; *McKenzie v. Bentley*, 30 Ala. 139; 2 Brick. Dig. p. 156, § 5; 3 *Ib.* p. 587, § 7; 1 Daniels Chan. Prac. 608. 3. The bill is without equity as it does not show that the materials and money furnished by Ware in improving his wife's property were, in his hands, subject to complainant's claim; nor does it show that at the time he furnished the same, Ware was insolvent, or even embarrassed.—*Nance v. Nance*, 84 Ala. 375. 4. The bill is without equity as to Mrs. Wadsworth.—*Kelly v. Longshore*, 78 Ala. 203.

ROQUEMORE, WHITE & MCKENZIE, *contra*. 1. The court of chancery has power to issue an equitable attachment for a legal demand not due. Code, §§ 3498, 3500. The statute is remedial, and must be liberally construed.—*Flake v. Day*, 22 Ala. 132; *Huffman v. The State*, 29 Ala. 40; *Blakeney v. Blakeney*, 6 Porter 109; *Sprowl v. Lawrence*, 33 Ala. 674; *Thompson v. State*, 20 Ala. 54; *Lehman v. Robinson*, 59 Ala. 219; Code, 1886, § 2998. 2. The levy shown by the bill is authorized by the statute.—*Lockwood v. Nash*, 64 Ala. 385; *Nance v. Nance*, 84 Ala. 375; *McGuire v. Miller*, 15 Ala. 394; *Hoot v. Sorrell*, 11 Ala. 386; 3 Brick. Dig. pp. 514, 515, §§ 105, 107, 119.

STONE, C. J.—The affidavit and bond for attachment are not set out in the transcript before us, but it is not shown that

their absence was made a question in the Chancery Court. The attachment recites that they were made and given, and we suppose the recital is true. We will make no ruling on this question. See *McKenzie v. Bentley*, 30 Ala. 139; *Smith v. Moore*, 35 Ala. 76.

When this bill was filed and the attachment sued out, the claim on which it was founded had not matured. It was made a ground of demurrer, and is urged before us that to authorize equitable attachment, the debt must be due and demandable.

The debt is in form a legal demand, and the theory of the bill is, that it seeks to reach and condemn equitable assets. The language of the statute—Code of 1886, § 3500—is, that "Courts of Chancery may issue writs of attachment on legal demands, founded on any judgment or contract, express or implied, as attachments may issue from courts of law; which attachments operate only on the effects of the defendant held by an equitable title; or on demands owing by other persons, to which the defendant against whom the attachment issues is in equity entitled, whether due or not."

§3510. "The plaintiff in such case must sustain his claim by affidavit, and give bond with surety, payable to the defendant, in double the value of the property, to be approved by the register, conditioned to pay all damages the defendant may sustain by the wrongful or vexatious suing out of such writ."

These sections of the Code are preceded by § 3498, which provides a remedy in equity for the recovery of equitable debts and demands. Its language is: "Writs of * * * equitable attachment may issue on equitable debts and demands in any case in which an attachment at law may issue; and in the issue of equitable attachments, and all the proceedings thereon, the provisions in relation to attachments from courts of law must be observed, except so far as may be otherwise provided in this chapter."

Section 3510, *supra*, follows each of the sections, 3498 and 3500, and must be understood as qualifying the remedy given by each. All these, with other sections, constitute a system, and in construing any one of them, we must take the whole system into account, and thus preserve its harmony. It will be noted that the affidavit and bond required in equitable attachments is precisely the same as that prescribed in suing out attachments at law.

Our statutory system providing for attachments at law commences with Part 3, Title 2, Chapter 1, Article 1—§ 2929 —of the Code of 1886. In enumerating the different classes of demands on which such process may be sued out, its first

[Ware v. Seasongood, Menderson & Co.]

specification is "a debt, whether it be due or not at the time the attachment is sued out." In stating the grounds or causes for which an attachment at law may be issued, the statute— § 2930—has the following provisions: * * "6. When the defendant is about fraudulently to dispose of his property. 7. When the defendant has fraudulently disposed of his property."

We find nothing in the statutes to warrant us in holding, *mutatis mutandis*, that the remedy in equity is not co-extensive with that at law, so far as the character of demand and the ground of attachment are concerned. The statute in terms provides that the equitable writ may issue "on equitable debts and demands, in any case in which an attachment at law may issue;" and "on legal demands * * * in such cases as attachments may issue from courts of law; which attachments operate only on the effects of the defendant held by an equitable title" &c. True, in suing out such writ either at law or in equity, there must be a substantial conformity to what the statute prescribes. This results from the nature of this statutory remedy.—*McKenzie v. Bentley*, 30 Ala. 139; *Smith v. Moore*, 35 Ala. 76; *Saunders v. Cavett*, 38 Ala. 51; Waples on Attachments 26-7. When, however, statutory requirements are substantially conformed to, very different intendments must be indulged. Our statutes authorizing attachments of property were designed, in part, to circumvent fraud and dishonesty, and when proper conditions are presented, they are liberally construed in furtherance of the remedy. Waples Att. 26-7; *Fake v. Day*, 22 Ala. 132. There is nothing in this objection.

The case of *Jones v. Massey*, 79 Ala. 370, was a proceeding under a different statute, and it exerts no influence on the question we are considering. *Foster v. Glazener*, 27 Ala. 391, presents a very different question from that here raised; nor do the following authorities shed any light on it.—2 Brick. Dig. 157; 3 *Ib.* 587; *Gunn v. Howell*, 27 Ala. 663, is of doubtful authority.—*Hunt v. Ellison*, 32 Ala. 173, 198.

An equitable attachment can "operate only on the effects of the defendant held by an equitable title" &c. The demurrer denies that the interest of Robert Y. Ware, Jr. in the store-house, as averred in the bill, is an equitable title, and, hence, denies that it is subject to equitable attachment, sued out as this is, for the enforcement of a legal demand.

The bill charges that Robert Y. Ware, Jr., with his own money, furnished the material and workmanship, and therewith erected the store-house on the land, the property of his wife, Mary H. Ware, that this was done by him as a gift to his

wife, and the debt to complainants having been previously contracted, such gift, as against them, is a fraud in law, and the store-house is equitably subject to their claim.—*Miller v. Thompson*, 3 Por. 196 ; 2 Brick. Dig. 16, § 45 ; *Zelnicker v. Brigham*, 74 Ala. 598 ; *Hubbard v. Allen*, 59 Ala. 283. The contention of demurrant is, that inasmuch as Robert Y. Ware, Jr. could not maintain a suit against his wife for the house, nor for the materials and workmanship employed in its con-struction, the bill sets forth no such equitable title in the hus-band as will maintain equity jurisdiction in having it applied to the husband's debts. This is too narrow a view of the stat-ute. If the gift to the wife had been of a portable chattel —such as is susceptible of manual delivery, and is in fact, de-livered, no one would question that such chattel could be seized under execution or attachment at law, at the suit of creditors of the husband. Yet, in such case, the husband would have retained no such right to the chattel, as that he could maintain an action for its recovery. And the same rule would prevail, if a debtor should give his property to another, even to a stranger. Such gift, under our ruling, is construc-tively fraudulent as against existing debts.

We hold that when one person has the title or control of property which, in good conscience, should be applied to the debts of another, and that property is in such condition as that it can not be made available without the intervention of chan-cery powers, then the case is brought within § 3500 of the Code of 1886.

In the case of *Robt. Y. Ware, Jr. v. Hamilton-Brown Shoe Co.*, at the present term, we considered and decided most of the other questions raised by this record. We need not re-examine the questions there decided.

It is manifest that the complainants show no right to proceed against the lot on which the store-house stands. That lot is the property of Mrs. Mary H. Ware, and the bill contains no averments tending to show that the realty is subject to the claim sued for. Nor can complainants interfere with the mortgage interest of Mrs. Wadsworth, nor force her to fore-close her mortgage.—*Kelly v. Longshore*, 78 Ala. 203. Nor can they redeem from Mrs. Wadsworth, for they show no debt against Mrs. Ware, and no right to subject the lot to their de-mand. Their rights are only such as may be asserted under the principles settled in *Hoot v. Sorrell*, 11 Ala. 386, and *Nance v. Nance*, 84 Ala. 375. The interest of Robert Y. Ware, Jr., as averred, is not an interest in the realty.

The facts are not sufficiently developed for us to determine

[Nelms v. Edinburg American Land Mortgage Co.]

in what manner relief shall be granted to complainants, if it turns out they are entitled to any.

The Chancery Court did not err in overruling the demurrers to the bill of complainants, and the decretal order must be affirmed.