# TRAVIS *vs.* FRIERSON.

[BILL IN EQUITY TO CORRECT ERRORS IN SETTLEMENT OF GUARDIANSHIP.]

1. *Averments of bill.*—In a bill to correct errors of law and fact in the final settlement of a guardian's accounts before the probate court, (Code, §§ 2041, 1915–16,) an averment "that said account was stated and filed to suit the embarrassed state of said guardian," without a specification of the particular errors complained of, is not sufficiently precise and definite.

APPEAL from the Chancery Court at Tuskaloosa.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by the appellant, for the purpose of correcting alleged errors of law and of fact in the final settlement of the accounts of his late guardian, Gideon B. Frierson, before the probate court. It alleged, that the said guardian had removed from the State since the settlement was made; and Robert P. Frierson, as the sole surviving surety on the guardian's bond, was the only defendant. The chancellor sustained a demurrer to the bill, for want of equity, on account of the indefiniteness of its allegations; and his decree is now assigned as error.

WM. P. WEBB, for appellant.

E. W. PECK, *contra.*

STONE, J.—We have looked carefully into the averments of this bill, and concur with the chancellor, that it does not present a case for equitable relief. It should specify the errors complained of, and not leave them to be gathered inferentially from the vague charge, "that said account was stated and filed to suit the embarrassed state of said guardian." More precision is required in chancery pleadings, than is found in this bill.—Langdon v. Roane, 6 Ala. 518; Cowan v. Jones, 27 *ib.* 317; Mays

v. Steele, in manuscript.   See, also, Cunningham v. Pool, 9 Ala. 615; Stewart v. Williams, 33 *ib*. 492; Mock v. Steele, 34 *ib*. 198.

Our attention was for a time attracted to the fact, that in the record from the orphans' court, attached to the bill, the order of publication directs notice to be set up at the court-house door, and does not add, " at three other public places."   Looking into the bill, we find no averment which brings this question up ; but, on the contrary, the bill avers, that " on or about the 18th day of November, 1853, the said Gideon B. Frierson made a final settlement of his guardianship."   We must, then, deal with this case, as if the final settlement had, in form, conformed to the law.   We will not, then, inquire whether the failure, if such was the case, to post notice at *three other public places* in the county, will furnish ground to invalidate the settlement.   No such point is raised by the pleadings, and we will not discuss it.—Code, §§ 1805, 2039.

Decree of the chancellor affirmed.