# Cawthorn *et. al. v.* Jones.

*Bill in Equity by Sureties of a Deceased Administrator, to correct Errors in Settlement of his Administration on his Intestate's Estate in the Probate Court, and to subject Equitable Assets.*

1. *Equity jurisdiction to correct errors on settlement of decedent's estate in probate court; when complainant chargeable with neglect.*—When a party seeks, by bill in equity, to correct errors of law or fact which have occurred on a settlement of a decedent's estate in the probate court, under the statute (Code of 1876, § 3837), it must appear, both by averment and proof, that the complainant is without fault or neglect on his part; and if the complainant had knowledge of facts which should have put a person of ordinary prudence on inquiry, or if he had knowledge of the errors complained of, and did not then take steps for their correction, he is not sufficiently free from negligence to be brought within the letter or spirit of the statute.

2. *Same.*—Hence, on a bill filed by three sureties on the administration bond of a deceased administrator against the administrator of their principal's estate, to have corrected alleged errors of law or fact, occurring on the settlement of his administration, after his death, by his personal representative, it appearing that one of the complainants was present in person, and the others were represented by attorneys-in-fact, on the settlement, that no fraud was practised upon, or misrepresentations made to them, that the items of the account were not complicated, but were few and simple, and were examined by them, and it not appearing that, by the exercise of proper diligence, the alleged errors could not have been discovered and corrected, it is not shown that the complainants were without fault or neglect, and their bill can not be maintained.

3. *Bill in equity to subject equitable interest of debtor in land; when legal remedies must first be exhausted.*—Such sureties, having paid up their *pro rata* share of the default of their principal, as ascertained and decreed on said settlement, further sought by their bill, without having prosecuted their demands to judgment against their principal's personal representative, to subject to the payment thereof an equitable interest of their deceased principal in a tract of land which he had purchased and partly paid for, and the title to which was taken by his personal representative in his own name, on his paying the balance of the purchase-money,—*held*, that the complainants, having failed to exhaust their legal remedy, and giving no excuse for such failure, are not entitled to the aid of a court of equity.

4. *When there is a misjoinder of parties complainant.*—If such bill be regarded in any other light than a creditors' bill, the claims of the several sureties being several and distinct, and there being no such legal or equitable relation between them as would authorize them to sue jointly, there would be a misjoinder of parties complainant.

Appeal from Crenshaw Chancery Court.

Heard before Hon. Jno. A. Foster.

The purpose of the bill, and the case made by the record

[Cawthorn et al. v. Jones.]

are sufficiently indicated in the opinion. On the final hearing, had on pleadings and proof, a decree was entered in the court below, dismissing complainants' bill, from which this appeal was taken. That decree is here assigned as error.

J. H. PARKS and JNO. GAMBLE, for appellants.

WATTS & SONS, *contra.*

SOMERVILLE, J.—The bill is filed by the appellants, three of the sureties on the official bond of one O. S. Jones, who, as sheriff of Crenshaw county, became *ex officio* administrator of the estate of one Bryan. He died without making any settlement of his administration, and the appellee, who is made sole defendant to the bill, took out letters of administration upon said Jones' estate in September, 1876, having been himself also one of the sureties on said bond. In December, 1879, appellee made a final settlement of O. S. Jones' administration of Bryan's estate, all of the complainants being represented at said settlement, either in person, or by authorized attorney. It was disclosed on the settlement that the administrator, as principal, was in default several hundred dollars, and each of the sureties paid his *pro rata* share of this sum, amounting to something less than fifty dollars each.

The present bill was filed in October, 1880. Its purpose is to correct certain alleged errors of law or fact in said settlement, and to reach an equitable interest of the decedent in a house and lot, the legal title to which was conveyed to the defendant while he was acting as administrator of the decedent's estate.

The statute provides that "where any error of law or fact has occurred in the settlement of any estate of a decedent, to the injury of any party, *without any fault or neglect on his part,* such party may correct such error by bill in chancery, within two years after the final settlement thereof."—Code, 1876, § 3837. It is plainly indispensable to the exercise of this jurisdiction, that it must be made to appear, both by the allegations of the bill and the proof by which it is supported, that the complainants, who invoke the aid of the court, are acquitted of all fault or neglect on their part. If they had knowledge of facts which should have put a person of ordinary prudence on inquiry, and these facts failed to quicken their diligence into an ascertainment of their rights, or a knowledge of the fraud and errors of which complaint is made, it can not be said that they are sufficiently free from negligence to be brought within the letter or spirit of the statute.—*Paulling v.*

*Creagh's adm'r*, 54 Ala. 646; *Otis v. Dargan*, 53 Ala. 178; *Robertson v. Walker*, 51 Ala. 484.

The evidence shows that one of the complainants was present at the settlement, and the other two were represented by authorized attorneys-in-fact. No fraud was practiced upon them, and no misrepresentations were made. The items of the account were open to their observation, and were actually examined by them. They were not complicated, but appear to have been few and simple. It is not shown that by the exercise of proper diligence the errors complained of could not have been then discovered and corrected; the burden of proof in all such cases being upon the party who assails the regularity or validity of the settlement.—*Travis v. Frierson*, 36 Ala. 720. The equity of the bill can not, therefore, in our opinion, be maintained as one to review the settlement for fraud, or to surcharge and falsify the account as presented and allowed by the probate court.

The bill does not seem to be framed in the aspect of a creditors' bill, nor are its averments sufficient to sustain it in this character. It is true that the complainants, having each paid his *pro rata* share of their principal's default, are creditors of his estate; and a simple contract creditor, without a lien, may file his bill in chancery " to subject to the payment of his debt any property which has been *fraudulently transferred*, or attempted to be *fraudulently conveyed*, by his debtor."—Code. 1876, § 3886; *Evans v. Welch*, 63 Ala. 250. So it is well settled by repeated adjudications of this court, that a creditor by simple contract may come into a court of equity, for the purpose of following and subjecting property conveyed by his *deceased* debtor while living, on averment and *proof of a deficiency of legal assets* to satisfy his demand.—*Houston v. Blackman*, 66 Ala. 559; *Jenkins v. Lockard's adm'r, Ib.* 377; *Halfman v. Ellison*, 51 Ala. 543; *Pharis v. Leachman*, 20 Ala. 662. But the present case does not fall in either of these classes of cases. It is not a case where there is any pretense of a fraudulent conveyance or transfer of the debtor's property. The interest sought to be reached is a mere equitable interest of the debtor in real estate, which accrued to him from the fact of his having paid a portion of the purchase-money, the residue being afterwards advanced by the defendant, who wrongfully took the legal title in his own name, while he was acting as the administrator of the deceased debtor. There was no conveyance or transfer whatever by the debtor, he being deceased at the time of the transaction, and no actual fraud being proved in connection with it.

It is manifest that if we regard the bill as a creditors' bill, seeking to subject equitable assets to the satisfaction of the

[Sayre v. Elyton Land Company.]

complainants' demand, which is a purely legal demand, it is without equity, unless it be made to appear, both by allegations and proof, that judgments had been obtained against the defendant as the personal representative of O. S. Jones, deceased, accompanied with executions *de bonis intestatis* and returns in each case of "no property found." The complainants, having failed to exhaust their legal remedy, and giving no excuse for such failure, do not show themselves to be entitled to the aid of a court of equity. The case is strengthened by the fact that the personal representative of the decedent is also the party in whose name the legal title of the land reposes, in which it is alleged that the deceased debtor had an equitable interest, here sought to be reached.—*Roper v. McCook*, 7 Ala. 319; *Smith v. Moore*, 35 Ala. 76; 1 Brick. Dig. 655, § 219; *Scott v. Ware*, 64 Ala. 174; *Vanderveer v. Ware*, 65 Ala. 606; *Birely v. Staley*, 25 Amer. Dec. 303, *note* p. 313.

The bill is, therefore, without equity in every aspect in which we feel authorized to view it.

If it be regarded in any other light than a creditors' bill, the claims of the several sureties against the decedent's estate would be several and distinct, and there would be no such legal or equitable relation between them as would authorize the complainants to unite in filing this bill. The case would thus present a clear misjoinder of parties complainant.—*Parker v. Leek*, 1 Stew. 525 (s. c. 1 Smith's Cond. Rep. 515); *Richardson v. McKinson*, 12 Amer. Dec. 308.

The decree of the chancellor is affirmed.