# *Ex parte* Lunsford.

## Application for Writ of Prohibition.

1. *Jurisdiction of probate court to grant letters testamentary exclusive ; chancery court without power to appoint administrator de bonis non.* The jurisdiction exercised by probate courts in the matter of admitting wills to probate, appointing administrators and granting letters testamentary and of administration, is exclusive ; and where, after the probate of a will and the issuing of letters testamentary to the executrix named therein, on bill filed by such executrix, a decree was rendered in the chancery court taking jurisdiction of the administration, declaring the estate insolvent and ordering the executrix to file her accounts and vouchers for the final settlement of the administration, the chancery court, although having jurisdiction of the administration, is without power to appoint an administrator *de bonis non* of the insolvent estate.

The facts of the case are sufficiently stated in the opinion.

SAMUEL WILL JOHN, for petitioner—The chancery court had no power or jurisdiction to appoint and qualify an

administrator *de bonis non.* This right was exclusively in the probate court. It was so intended under the provisions of the Code.—Constitution, Art. VI, § 9 ; *Ikelheimer v. Chapman*, 32 Ala. 680 ; *Malone & Foote v. Hill*, 68 Ala. 228 ; *Ex parte Smith*, 23 Ala. 94 ; *Ex parte Lyon*, 60 Ala. 654 ; *Ex parte Boothe*, 64 Ala. 318.

GARRETT & UNDERWOOD, *contra.*—The administrator *de bonis non* was rightly appointed in this case. "When a court of equity takes jurisdiction of the estate of a decedent, the court takes the estate in its condition at the time of taking jurisdiction, and is governed by the laws regulating and controlling the sales of property, payment of debts, and settlement of administrations, which are applicable to administrations in the probate court.—*Sharp v. Sharp*, 76 Ala. 312 ; *McNeill v. McNeill*, 36 Ala. 109 ; *Teague v. Corbitt*, 57 Ala. 537 ; *Bragg v. Beers*, 71 Ala. 153 ; *Ligon v. Ligon*, 105 Ala. 560 ; *Blakey v. Blakey*, 9 Ala. 391 ; *Demont v. Admrs. of Boggess*, 13 Ala. 140 ; *Tygh v. Dolan*, 95 Ala. 269.

BRICKELL, C. J.—This is an original application for a writ of prohibition to be directed to the court of chancery of the county of Jefferson, the chancellor therein presiding, and to one F. W. Dixon, claiming to be the administrator *de bonis non* of one George Lunsford, deceased, under an appointment of the court of chancery, commanding the court, the chancellor, and said Dixon, to desist and refrain from proceeding or acting upon the said order of appointment. The material facts, as disclosed by the petition, the answer to the rule *nisi,* and the accompanying exhibits, are, that the said George Lunsford died testate, nominating and appointing the petitioner, Susan Lunsford, sole executrix of his last will, and relieving her from the necessity of giving bond and security for the performance of her duties as executrix. The will was duly admitted to probate, and letters testamentary issued to the petitioner, by virtue of which, the assets of the estate of the testator, real and personal, passed into her custody for administration. The administration, by bill filed by the petitioner, was removed into the court of chancery. The prayer of the bill was, that the court would take jurisdiction of the administration, would decree and declare the estate in-

solvent, and as an insolvent estate administer the same; that the homestead to which .the complainant and her minor children were entitled be set apart to them, and all other exceptions to which they were entitled, be allotted, and for special relief as against two of the creditors of the testator, who were parties defendant; for the direction and advice of the court in the further administration and settlement of the estate, and for general relief. A decree was rendered by the court taking jurisdiction of the administration, declaring the estate insolvent, and ordering the petitioner to file her accounts and vouchers for a final settlement of the administration. Subsequently, on the petition of one of the creditors, the court intending to pursue the statute regulating the proceedings in the court of probate for the administration of estates by that court declared insolvent (Code of 1886, §§ 2231, *et seq.*; Code of 1896, § 299), made an order requiring the register to appoint a day when the creditors should appear and nominate to the court some fit person to be appointed administrator of the estate, of which day notice was required to be given, and the voting of creditors in making such nomination, was required to be conducted according to sections 2232–34 of the Code. The creditors appeared and nominated said Dixon as administrator; the register made report of the proceedings to the court, and thereupon, the court made the order, the validity of which is now drawn in question, appointing said Dixon "administrator of the property, rights and credits unadministered of the aforesaid insolvent estate of George Lunsford, deceased," and declared him invested with all the rights and powers, and subject to the responsibilities of such administrator, upon his qualifying as such; and as such administrator, Dixon qualified by executing bond in the penalty prescribed by the chancellor.

The sole question involved is, whether the court of chancery had jurisdiction to grant the letters of administration to Dixon; for the effect of the order of appointment, if it be of any effect, is the grant of administration, an administration *de bonis non*, displacing the executrix, and nullifying the prior grant of letters testamentary to her by the court of probate. A court of equity has original jurisdiction to enforce the trusts of an administration; to compel the appropriation of the

assets to the payment of debts, and when these are satisfied, to the satisfaction of legacies ; or in case of intestacy, to apply them according to the statutes of distribution. Of this jurisdiction the court is not divested by the statutes conferring on courts of probate cognizance in a limited degree of the trusts of administration—of the settlement of the accounts of executors and administrators ; of the payment of legacies, making distributions, and power to render final decrees, adjusting and determining the rights and interests of legatees or distributees, and fixing the liability of the executor or administrator.—3 Brick. Dig. 334, § 61 ; 1 Brick. Dig. 647, § 120 *et seq*. And when the court takes jurisdiction, following its own rules of practice it is often said, that it will apply the law relating to administrations, as it prevails in the court of probate. An examination of the cases in which this expression has been employed, will show that by it no more was intended, than that the court takes jurisdiction of the administration in the plight and condition in which it was in the court of probate, and will exercise whatever of statutory jurisdiction or authority that court could have exercised in drawing the administration to a final settlement. As illustrative are the cases, *Cowles v. Pollard*, 51 Ala. 445 ; *Bragg v. Beers*, 71 Ala. 151 ; *Sharp v. Sharp*, 76 Ala. 312 ; holding that the court may order the sale of lands or other property in cases in which by statute, the court of probate could have ordered such sale, if the administration had remained in that court. So, is the case of *Key v. Jones*, 52 Ala. 238, in which it was held that as an incident to administration, the court could properly decree an account of advancements, exercising the jurisdiction conferred by statute on courts of probate. Obviously, these cases referring wholly to the statutory jurisdiction of the court of probate, and its exercise by a court of equity as incidental to its general jurisdiction of the trusts of administration, do not meet the question now involved.

The constitution (Art. VI, § 9), declares : "The General Assembly shall have power to establish in each county within the State a court of probate, with general jurisdiction for the granting of letters testamentary and of administration, and for orphans' business." The preceding constitutions contained a corresponding pro-

provision; and in construction of the provision of the constitution of 1819, it was said in *Ikelheimer v. Chapman*, 32 Ala. 681: "The probate court has, by virtue of this provision of the constitution, a specific grant of unrestricted jurisdiction over the granting of letters testamentary and of administration. It is, therefore, as to those subjects, a court of general jurisdiction. Its jurisdiction is, thus far, of constitutional, not statutory origin. As soon as the court was created, the jurisdiction of the court attached, without the aid of a statute. The constitution as to those subjects, bestows a jurisdiction, which is original, unlimited and general." And it was further said: "There is no distinction between the character of the jurisdiction which the probate court exercises over the appointment of administrators and administrators *de bonis non*." See 3 Brick. Dig. 180, § 71. This jurisdiction in England, originally belonged to the ecclesiastical courts—it did not pertain to the jurisdiction of the court of chancery, or of any of the courts of common law jurisdiction. As the ecclesiastical courts never existed here—were not suited to our conditions and our institutions—by legislation the jurisdiction has been lodged in courts of probate, or ordinary, or surrogates, or county courts, as they are indifferently termed in the several States. Wherever lodged, it is, as was the jurisdiction of the ecclesiastical courts, original and exclusive.—1 Williams Extrs. 337; *Leddel v. Starr*, 19 N. J. Eq. 159; *Hosack v. Rogers*, 11 Paige 603; *Holbrook v. Campau*, 22 Mich. 288; *Carter v. Randle*, 62 Ala. 95; *Malone v. Hill*, 68 Ala. 225.

The statutes in regulation of the constitutional grant of jurisdiction to the court of probate to grant letters of administration, in case of the insolvency of an estate (which the chancery court intended to observe), manifestly contemplate the appointment of an administrator *de bonis non*, and the revocation of the prior grant of letters testamentary or of administration. Its words are: "Whenever an administrator is appointed under the provisions of this chapter, any former grant of letters is thereby revoked; and the property of such estate is thereby vested in such administrator." (Code, 1886, § 2237; Code, 1896, §305). This is the scope and effect of every grant of administration *de bonis non*, from what-

ever cause or necessity it may arise. The authorities
in other States are numerous, and are collected in 1
Woerner Law of Administration, section 156, and note.
They support the proposition the author states: "The
jurisdiction exercised by probate courts in the matter of
admitting wills to probate, appointing administrators,
and taking administration bonds, is exclusive of all
other courts or tribunals in all the States." The only
authority which the court of chancery may in any event
exercise, in the appointment of an administrator, is de-
rived from the statutes (Code, 1886, §§ 2283–84; Code,
1896, §§ 352–53), in the appointment of an administra-
tor *ad litem*, confined in authority and duty to the
pending suit in which he may be appointed.—*Malone v.
Hill*, 68 Ala. 225; *Clark v. Knox*, 70 Ala. 607.

The court of chancery properly assumed jurisdiction
of the administration of the estate of the testator.
As incidental to the allotment of homestead to the
widow and minor children it must have ascertained
the solvency or insolvency of the estate, and if in-
solvent, so pronounced by its decree, and have
proceeded to a final settlement of all the trusts of
the administration. And if a proper case was pre-
sented, it could have appointed a receiver, to take
the assets from the custody and possession of the execu-
trix. This was the extent of its jurisdiction, and when
it passed beyond it to a revocation of the letters testa-
mentary, the displacement of the executrix, and the ap-
pointment of an administrator *de bonis non*, in the
handling of matters clearly within its cognizance, it
transgressed the bounds prescribed by the constitution
and statutes.—*Ex parte Morgan Smith*, 23 Ala. 94.

It results that the rule *nisi* heretofore granted must be
made absolute, and a writ of prohibition will be issued
in accordance with the prayer of the petition.