# Bush & Co. *v.* Coleman *et al.*

*Creditors' Bill to Condemn Land Paid for by Debtor.*

1. *Insolvency of estate of debtor; when necessary allegation in a creditor's bill.*—In a bill by creditors to subject to the payment of their debts property paid for by the debtor and the deed to which was taken in the name of another, allegation and proof that the estate of the debtor is insolvent, he being dead, is necessary.

2. *Insolvency proceedings; not evidence against stranger to the estate.*—Proceedings in the probate court declaring an estate insolvent cannot be used as evidence to show the insolvency, against a person not a creditor or otherwise interested in the estate.

3. *When evidence presumed to have been excluded.*—If a bill is dismissed for want of equity on final hearing and nothing appears to show what disposition was made of the evidence in the cause, it will be presumed that the evidence, it appearing to be illegal, was excluded from consideration.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The bill in this case alleges that Elvira Coleman, one of the defendants, purchased a lot of land and received a

[Bush & Co. v. Coleman *et al*,]

deed therefor; that Smith paid the purchase money out of his own funds and without consideration; that Smith was at the time largely indebted to complainant; that he has since died and that his estate is insolvent. Submitted on pleadings and evidence. The only evidence offered to prove insolvency of the estate of Smith was the proceedings in the probate court declaring it insolvent. Bill dismissed for want of equity. The decree dismissing the bill is assigned as error.

R. T. ERWIN, for appellants.—If Smith's money paid for the land the complainants are entitled to recover. *Pickett v. Pippin,* 64 Ala. 525; *Fearn v. Ward,* 80 Ala. 363. The insolvency proceedings are *in rem* and if so then they are evidence against others than the parties to the record.—*Hines v. Hussey,* 45 Ala. 496.

L. H. & E. W. FAITH, *contra.*—The decree of insolvency is not evidence against appellee.—*McGuire v. Shelby,* 20 Ala. 456; *Kilgore v. Kilgore,* 103 Ala. 621; *Means v. Hicks,* 65 Ala. 241; *McDowell v. Jones,* 58 Ala. 25.

TYSON, J.—The bill in this cause was filed by appellants, simple contract creditors, to condemn to the satisfaction of a debt due them by Smith in his lifetime, a certain lot in the city of Mobile, in which it is averred the purchase by him of this lot was out of his own funds, and the procurement by him of the execution of the deed by the vendor to the appellee; also the fact of his death, and the appointment of respondent Knight as administrator of his estate. There was a demurrer to the bill, in which many grounds were assigned, and a decree sustaining the demurrer generally. One of the grounds assigned was the failure to aver that Smith's estate is insolvent or there is a deficiency of legal assets. If this ground of demurrer was well taken, there was no error in the decree and it is of no consequence that the other grounds were bad.—*McDonald v. Pearson,* 114 Ala. 630; *Tatum v. Tatum,* 111 Ala. 209; *Steiner & Lobman v. Parker & Co.,* 108 Ala. 357. That the averment, that the estate was insolvent or a deficiency of legal assets to

satisfy plaintiff's demand, was essential to give the bill equity, and that the burden was on complainant to prove this fact, there cannot be serious controversy.—*Battle v. Reid*, 68 Ala. 152; *Cawthorn v. Jones*, 73 Ala. 82; *Houston v. Blackman*, 66 Ala. 559; *Jenkins v. Lockard's Admr.*, 66 Ala. 377; *Halbman's Extx. v. Ellison*, 51 Ala. 543; *Sharp v. Sharp*, 76 Ala. 319; *State Bank v. Ellis*, 30 Ala. 478; *Handly et al. v. Heflin*, 84 Ala. 600.

There was an amendment to the bill curing this defect. This amendment averred that the payment of the purchase price by Smith for the lot was made without any valuable consideration and while he was indebted to complainants, and that his estate is largely indebted and there are not legal assets sufficient to pay his debts.

There was a decree pro confesso against Knight. Appellee filed her answer to the bill as amended denying its averments, and set up special matters of defense not necessary to be considered.

The only evidence offered by complainants to prove the insolvency of Smith's estate or the deficiency of legal assets to pay complainants' demand in the hands of the administrator of said estate, was a certified copy from the records of the probate court of Mobile county of the report of insolvency of said estate by the administrator *de bonis non* and a decree of the court adjudging it to be insolvent upon said report. The introduction of this transcript in evidence was objected to by the respondent Coleman, appellee here. The appellee not having been shown to be a creditor of the estate or otherwise interested in it, could have had no legal notice of this proceeding and was not therefore bound by it. Section 296 Code 1896 provides that *only creditors or other persons interested in the estate may make an issue as to the correctness of the report of insolvency.* Clearly the appellee would have had no right to institute a contest under this section. Having acquired the legal title to the lot in controversy and of necessity all her rights to it against Smith and his creditors, during the lifetime of Smith, we must confess our inability to see how those rights could be impaired by a declaration of insolvency by Smith's administrator or the decree of the probate court adjudging such insolvency without affording her the right to become a party to the proceeding and con-

testing the declaration made by the administrator.

In the case of *State Bank v. Ellis, supra*, the bill alleged that the administrator had "declared and returned said estate insolvent and besought the orphans' court of Pickens county to make the proper order therein." Upon a demurrer, the court said, "It is not alleged in the bill, that the fraudulent grantee was a creditor of the estate at the time that representation and return were made by the administrator; and it is too clear for argument, that the allegation, that the estate was declared and returned by the administrator to be wholly insolvent, is not, as against one who was not a creditor of the estate, equivalent to an allegation, that the estate was in fact insolvent. Such a declaration and return has been held not even to be evidence against one who was not a creditor of the estate."

In *Randle et al. v. Carter*, 62 Ala. 45, 102, it was held that "a decree of insolvency in the court of probate merely ascertains as between the personal representative and the creditors the *status* of the estate and its operation is to transfer to the court of probate exclusive jurisdiction of all claims against the estate. Claims of creditors, of course, not the claims of legatees or next of kin, for the whole proceeding is founded on the fact that the assets are insufficient for the payment of the debts to which they are primarily liable. There are no other parties or were not under the statute existing when this decree was rendered, than the personal representative and the creditors. As to the next of kin or legatees, the record is *res inter alios acta*, not affecting their rights and not evidence against them of any fact as ascertained by it."

The doctrine quoted above from the two cases, will be found to obtain in the following cases: *Kilgore v. Kilgore*, 103 Ala. 614; *Lamberth and wife v. Garber*, 6 Ala. 870; *McGuire v. Shelby*, 20 Ala. 456; *McMillan v. Rushing*, 80 Ala. 403; *Thames v. Herbert, Admr.*, 61 Ala. 343; *Brooklyn Life Ins. Co. v. Bledsoe*, 52 Ala. 551.

In the case of *Means v. Hicks*, 65 Ala. 241, the bill was filed by a creditor of the intestate, just as here, to set aside as fraudulent certain voluntary conveyances of property made by the intestate in his lifetime, and to subject it to the payment of complainant's debt grow-

[Duncan v. Ashcraft, Adm'r, Etc.]

ing out of a liability paid by complainant upon an administrator's bond upon which the intestate was a co-surety. This court held that the decree of the probate court made after the conveyances assailed by the bill and after the death of the intestate, adjudging the default of their principal, was *res inter alios acta* as to the grantees in the conveyances attacked as fraudulent.

The decree in this case does not disclose that any ruling was made by the chancellor upon the respondent's, Coleman's objection to the transcript, but as the bill was dismissed upon final hearing, we will presume that he excluded from his consideration this evidence which we have shown to be clearly illegal. There being no other testimony in the record to support the averment in the bill of the insolvency of the estate, the complainants must fail for want of proof. This renders it unnecessary to discuss the question as to whether the respondent Coleman furnished the money to Smith which he paid to the purchaser for the lot. But, even upon this point we are not prepared to say that the evidence does not prove that she did so. However, that is not now a material inquiry.

The decree of the chancellor dismissing the bill must be affirmed.

Affirmed.